UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK KOFALT, | ) | CASE NO.  4:21-cv-1113 |
| | ) | |
| PETITIONER, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This is a *pro se* habeas corpus case under 28 U.S.C. § 2241.

In 2012, petitioner Patrick Kofalt was convicted in the Western District of Pennsylvania

of receiving child pornography pursuant to a guilty plea.  *United States v. Kofalt*, 2: 11 CR 0155

(W.D. Pa.).  The Third Circuit subsequently denied petitioner's appeal challenging the district

court's denial of his motion to suppress evidence of child pornography found on his computers.

*United States v. Kofalt*, 668 Fed. App'x 426 (3rd Cir. 2016).

Petitioner then pursued an unsuccessful motion to vacate his sentence in the district court

under 28 U.S.C. § 2255 on the ground he received ineffective assistance of counsel.  The district

court found this claim barred by petitioner's plea agreement.  *United States v. Kofalt*, No. 18-

159, 2018 WL 2766108, at *1 (W.D. Pa. June 8, 2018).  And the Third Circuit denied his

application for a certificate of appealability, finding he not made a substantial showing of the

denial of a constitutional right.  *United States v. Kofalt*, C.A. No. 1802401, 2019 WL 12021480,

at *1 (3rd Cir. 2019).

Petitioner now seeks relief in this Court under § 2241. (Doc. No. 1.) He has also filed a "Motion for [a] Show-Cause Order." (Doc. No. 2.)

Upon review, the Court finds that the petition must be dismissed.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

It is evident from the petition that petitioner is not entitled to relief.

A habeas petition under § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served," not for claims challenging the legality of a prisoner's conviction or sentence, which must be brought under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Only in very narrow circumstances may a prisoner may challenge his conviction or sentence under § 2241. To do so, he must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* This requires a claim by a prisoner of actual innocence based upon a new rule of law made retroactive by the Supreme Court. *Id.* at 461-62; s*ee also Townsend v. Davis*, 83 Fed. App'x 728, 729 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case.").

2

Here, petitioner has not raised a claim of actual innocence – let alone one depending on a retroactively-applicable rule of Supreme Court law.  Therefore, he is not entitled to any relief by way of § 2241.

## Conclusion

Accordingly, petitioner's motion for a show cause order (Doc. No. 2) is denied, and his petition is dismissed pursuant to 28 U.S.C. § 2243.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  9/9/2021

J. Philip Calabrese
U.S. District Judge